NOT DESIGNATED FOR PUBLICATION

No. 120,564

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICHOLAS C. GILBERT,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER JR., judge. Opinion filed June 21, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., GREEN and BRUNS, JJ.


PER CURIAM:  Nicholas C. Gilbert appeals the district court's decision revoking his probation and requiring him to serve his underlying sentence. On Gilbert's motion, we accepted this appeal for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). Based on our review of the record, we find no error in the district court's decision revoking Gilbert's probation and imposing his underlying sentence.

On March 13, 2017, Gilbert pled guilty to aggravated battery, and the district court sentenced him to 12 months in prison. However, the district court suspended Gilbert's sentence to 24 months' probation. On October 17, 2018, Gilbert stipulated to violating the terms of his probation by testing positive for alcohol, and the district court imposed a

1

two-day jail sanction. Later, he pled guilty to a new crime—aggravated domestic battery—with the understanding that his plea would satisfy the State's burden of proving a probation violation in this case.

At a probation revocation hearing held on November 16, 2018, the district court found that Gilbert had violated the terms of his probation by committing a new crime. Arguing that his inability to comply with the terms of his probation was based on mental health issues as well as alcohol and drug abuse, Gilbert argued that he be allowed to address his underlying problems instead of serving his underlying sentence. Ultimately, the district court ordered Gilbert to serve his underlying 12-month sentence.

On appeal, Gilbert concedes that he violated the terms of his probation by committing a new crime and that no intermediate sanction was required under K.S.A. 2018 Supp. 22-3716(c)(1). Rather, Gilbert contends that the district court erred in ordering him to serve his underlying sentence because it did not adequately address his addiction issues. Because it is undisputed that Gilbert committed a new crime, we review the record on appeal under an abuse of discretion standard. See K.S.A. 2018 Supp. 22-3716(c)(8)(A); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008).

Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Based on our review of the record, we find no error of fact or law. Rather, we find that the district court's decision was reasonable under the circumstances presented because Gilbert violated the terms of his probation on two occasions including the commission of a new crime. Thus, we conclude the district court did not abuse its discretion and we affirm the district court's decision.

Affirmed.

2